IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL ROWE,

      Plaintiff,                      No. CIV S-09-1703 EFB P

    vs.

BARBER, et al.,

      Defendants.            <u>ORDER</u>

_____/

       Plaintiff, a prisoner proceeding pro se, filed this pro se civil rights action under 42 U.S.C. § 1983. The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       On February 22, 2010, the court dismissed plaintiff's complaint with leave to amend. Plaintiff filed an amended complaint on April 19, 2010. The court has reviewed that amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds that it fails to state a claim for relief and cannot be cured by further amendment.

       In his original complaint, plaintiff alleged that defendants Barbour and Loiler were responsible for packing up his property when he was admitted to the crisis bed on suicide watch.

////

He claimed that when he returned to general population, his television and clippers were missing. The court dismissed that complaint with leave to amend, and informed plaintiff that an unauthorized deprivation of property does not amount to a due process violation where postdeprivation remedies are available. Notwithstanding that admonition, the allegations in his amended complaint are the same. Plaintiff adds, however, that he was authorized to have his property. The allegation that plaintiff was authorized to be in possession of his missing property merely adds to the suggestion that the deprivation of his property was unauthorized. It does not alter the due process analysis as it applies here.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). California provides an adequate postdeprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, plaintiff's allegations suggest that defendants' actions were not authorized. Plaintiff does not allege that there are prison regulations or other policies that mandated that his property be taken from him. Thus, plaintiff has no claim under section 1983 and plaintiff's only relief for the deprivation of his property is California's post-deprivation remedies.

////

1     Accordingly, it is hereby ORDERED that this action be dismissed for plaintiff's failure to
state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir.
2000) (indigent prisoner proceeding without counsel must be given leave to file amended
complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Dated: December 10, 2010.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE